**Abatement Order filed August 20, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-01020-CV
_____

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**

**V.**

**CHAD PETEREK, Appellee**

**On Appeal from the County Court at Law No. 4**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-CCV-048305**

## ABATEMENT ORDER

On July 23, 2013, this court ordered the clerk of County Court at Law No. 4 to deliver to the Clerk of this court the original of Defense Exhibit No. 1. On August 9, 2013, this court was informed the original exhibit cannot be located.

Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost, under the following circumstances:

(1) if the appellant timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed . . . ;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replace either by agreement or the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, the trial court is directed to conduct a hearing to determine the following: (1) whether appellant timely requested a reporter's record; (2) whether, without the appellant's fault, a significant exhibit has been lost or destroyed; (3) whether the lost exhibit is necessary to appellant's appeal; (4) whether the missing exhibit can be replaced with a copy by agreement of the parties, and (5) if the missing exhibit cannot be replaced with a copy by agreement of the parties, whether the trial court can order the missing exhibit to be replaced with a copy determined by the trial court to accurately duplicate the missing exhibit with reasonable certainty. The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, within thirty (30) days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings are filed in this court. The court will also consider an

appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM


Panel consists of Justices Boyce, Jamison, and Busby.